UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BONNIE CALVIN WILLIAMS, JR.

    Petitioner,                             Civil No. 2:07-CV-11050
                                                 HONORABLE PATRICK J. DUGGAN
v.                                          UNITED STATES DISTRICT JUDGE

SUSAN DAVIS,

    Respondent,
_____/

**OPINION AND ORDER DENYING**
**PETITION FOR WRIT OF HABEAS CORPUS**

**I.    Introduction**

Petitioner Bonnie Calvin Williams, Jr., presently incarcerated at the Huron Valley Men's Complex in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is being held in violation of his constitutional rights. Following a jury trial in the Oakland County Circuit Court in 2004, Petitioner was convicted of breaking and entering a building with the intent to commit a felony or larceny therein, in violation of MICH. COMP. LAWS § 750.110. He was sentenced as a fourth habitual offender, *see* MICH. COMP. LAWS § 769.12, to a term of 9 years and five months to 30 years imprisonment.

In his pleadings, Petitioner raises a Fourth Amendment claim. Specifically, Petitioner contends that he "was denied his Fourth Amendment right to be free from unreasonable search and seizure where the trial court erred in denying his Motion for an

Evidentiary hearing after Deputy in charge illegally detained Petitioner after initial justification for the stop no longer existed." (Pet.'s Br. at 5.) Moreover, Petitioner argues that "[h]is motion to suppress the evidence was improperly denied, and if the fruits of this search and detention had been suppressed, the case would not have proceeded to trial." (*Id.* at 8.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See id.*; *Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970)("District Court has the duty to 'screen out' a habeas corpus petition which should be dismissed for lack merit on their face."). "Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F. 3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claim is without merit, such that the petition must be denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525-28 (E.D. Mich. 2005)(summarily dismissing Fourth Amendment claim brought by habeas petitioner pursuant to Rule 4).

## II.     Facts and Procedural History

The Michigan Court of Appeals summarized the underlying facts, which are presumed correct on habeas review, *see McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004), as follows:

> Defendant's conviction arises from an incident on April 22, 2004, in which he was discovered by a night security guard inside the Lear Corporation's Waterview Street building. Although defendant claimed to be "Michael Johnson," an employee of Lear, the security guard was suspicious and called the police after the defendant left the building. A sheriff's deputy followed defendant's car to a gas station where defendant stopped, and spoke to defendant after defendant exited his vehicle. Again, defendant claimed to be a Lear employee but could not produce any identification confirming it. Defendant claimed he left his ID in his locker at Lear Corporation. For that reason, the deputy asked defendant to accompany him in the squad car to verify defendant's employment and identification. Defendant did so without objection.
>
> The deputy and defendant arrived at Lear Corporation approximately 45 minutes after the security guard found defendant in the building. The guard identified defendant as being the person he saw inside the building earlier. The deputy tried the keys that defendant claimed were issued by Lear to him for the exterior and interior doors of the building. The keys worked only on the interior office doors. Not only did they not open the outside locks, the deputy observed that the lock on the southeast door had been tampered with. This was the door that the security guard observed defendant exit after being confronted by the guard.
>
> At this point, defendant told the deputy that he did not work at the Waterview street building, but rather that he worked at the Research Building. Defendant stated that his locker, which contained his identification, was in the Research Building. The deputy then drove defendant to the Research Building, approximately an eighth of a mile away.

3

> At the Research Building, the locker number defendant
> gave the deputy did not exist and the plant manager stated that
> defendant was not the Michael Johnson who worked at that
> facility. The deputy then transported defendant back to the
> police sub-station for further questioning. On the way,
> defendant admitted that his real name was Deon Carthane and
> that he had provided a false name because of outstanding
> warrants for his arrest, Thereafter, the deputy confirmed
> warrants and placed defendant under arrest.

*People v. Williams*, No. 259440, 2006 Mich. App. LEXIS 1519, at *1-3 (Mich. Ct. App. May 2, 2006)(unpublished).

Following his preliminary examination, Petitioner's counsel filed a motion to suppress the evidence and any statements he made on the ground that Petitioner had been illegally arrested and searched by the police. At a pre-trial hearing, defense counsel characterized his motion as a "Motion to Suppress or, in the alternative . . . an Evidentiary Hearing." (7/28/04 Tr. at 4, contained in Appendix A[1].) Defense counsel cited to the arresting officer's testimony from the preliminary examination during his argument. (*Id.*) After reviewing the preliminary examination transcript, the trial court denied petitioner's motion to suppress or, in the alternative, for an evidentiary hearing, finding that petitioner had voluntarily entered the police vehicle.[2] (*Id.* at 8.) The trial court further noted that

---

[1]When he filed his petition, Petitioner provided transcripts of the hearing on the motion to suppress and a trial transcript. Petitioner also provided a transcript of his trial.

[2]In denying the motion to suppress, the trial judge stated:
> Quite frankly, I almost always grant a request for an evidentiary
> hearing, but here I've reviewed the transcript. The defendant
> clearly voluntarily entered the police car, and he was driving
> without a license, so there was a valid arrest. In light of that, I see
> that there's no reason to challenge the arrest. The motion is denied

4

petitioner had been driving without a license; therefore, the police had a valid reason to arrest petitioner. (*Id.*)

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals asserting the claim contained in his present petition. (*See* Petition at 2.) The Michigan Court of Appeals addressed the issue and affirmed Petitioner's convictions. *People v. Williams*, No. 259440, 2006 Mich. App. LEXIS 1519 (Mich. Ct. App. May 2, 2006)(unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Williams*, 477 Mich. 912, 722 N.W. 2d 863 (2006).

Petitioner signed the present habeas petition on March 5, 2007, asserting the following claim:

> Petitioner's conviction should be reversed because he is entitled to a new trial where the trial court erred in denying the motion for an evidentiary hearing in that his IV, V, and XIV constitutional rights to be free from unreasonable searches and seizures were violated.

The Court has not required Respondent to file an answer to the petition.

## III. Discussion

Petitioner contends that he was unlawfully detained and arrested by the police in violation of his Fourth Amendment right to be free from unreasonable search and seizure. As stated above, Petitioner argues that the state trial court erred in denying his motion to

---

on both counts.
(7/28/04 Tr. at 8.)

suppress without conducting an evidentiary hearing on his Fourth Amendment claim.

A federal habeas review of a petitioner's arrest or search by state police is barred where the state provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95, 96 S. Ct. 3037, 3052-53 (1976). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003). In other words, "on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that post arrest statements should have been suppressed as 'poisonous fruit' of his [or her] illegal arrest, if the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial." *Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005)(citing *Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001)).

The Sixth Circuit utilizes the following two-part analysis to determine whether a petitioner was given a full and fair opportunity to litigate a Fourth Amendment claim in state court: "First, the court must determine whether the state procedural mechanism, in the abstract, presents an opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000)(quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)).

As stated by other courts in this district, "Michigan has a procedural mechanism

which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Strozier v. Trombley*, No. 07-11866, 2007 U.S. Dist. LEXIS 31804, at *9 (E.D. Mich. May 1, 2007)(Edmunds, J.); *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005)(Gadola, J.). This procedural mechanism is a pre-trial motion to suppress. *See People v. Ferguson*, 376 Mich. 90, 93-94, 125 N.W. 2d 357, 358-59 (1965)(describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W. 2d 97, 99 (1980)(addressing the legality of a warrantless search, seizure, and arrest when raised for the first time on appeal).

Second, Petitioner has not shown that the failure of this procedural mechanism prevented him from the opportunity to raise his Fourth Amendment claim. Petitioner seems to be contending that he was deprived of a full and fair opportunity to litigate his Fourth Amendment claim because the trial court failed to conduct an evidentiary hearing on his claims. The mere fact that the trial court ruled on petitioner's motion to suppress evidence without conducting a new evidentiary hearing does not constitute a denial of a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. *See Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977)(holding that petitioner had a full and fair opportunity to litigate his Fourth Amendment claim where state court refused to hold an evidentiary hearing on Fourth Amendment claim based on finding that the petitioner's allegations did not conflict with factual allegations of police affidavits); *Gonzalez v. Superintendent, Sullivan Corr. Facility*, 761 F. Supp. 973, 976 (E.D.N.Y. 1991)(holding that a petitioner had a full and fair opportunity to litigate his Fourth Amendment claim

7

when the trial court denied pre-trial probable cause hearing based on insufficient sworn allegations to support such a hearing).

Petitioner presented his Fourth Amendment claim to the Oakland County Circuit Court, the Michigan Court of Appeals, and the Michigan Supreme Court, all of which denied him relief. Based on this record, it is clear that the Michigan courts addressed Petitioner's Fourth Amendment claim and afforded him an opportunity to litigate this claim. Therefore, this Court cannot review Petitioner's Fourth Amendment claim, and as a result, habeas relief is not warranted on this claim.

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Bonnie Calvin Williams, Jr.
165606
Huron Valley Complex/Men's
3201 Bemis Rd.
Ypsilanti, MI 48197